# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLEN CARTER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-16-3817 |
| POLICE OFFICER COPFER #3937 | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Defendant Officer Copfer filed a Motion to Dismiss or for Summary Judgment in response to this civil rights complaint. ECF No. 10. Plaintiff opposes the motion. ECF No. 15. No hearing is necessary to determine the matters pending. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant's motion, construed as a Motion to Dismiss, shall be granted.

## I.     COMPLAINT ALLEGATIONS

By his self-represented complaint, Plaintiff Allen Carter, an inmate confined to Western Correctional Institution (WCI), asserts that Prince George's County Police Officer Copfer wrongfully filed criminal charges against him. Carter states that Copfer affirmed under penalties of perjury that on August 4, 2015, Copfer pulled Carter over during his patrol of the 4400 block of Wheeler Road in the Oxen Hill area of Prince George's County. ECF No. 1 at 5. Copfer's report indicated that he searched the "black Dodge Avenger" that Carter was driving and found 300 grams of marijuana, worth approximately $6,000, and three "digi scales" used for distribution of marijuana. *Id*. Copfer further stated that the driver of the vehicle, who he claimed was Carter, made eye contact with him before he fled the scene. *Id*. Copfer further averred that he and Narcotics Enforcement Division Detective Geer searched the Maryland Motor Vehicles

Administration (MVA) database and identified Carter as the person to whom both the car that was searched and the items uncovered during the search belonged. *Id*.

Carter states that in January of 2015, he was "sentenced to a lengthy prison sentence" and had been incarcerated since May 30, 2014, for an offense unrelated to the one charged by Copfer. *Id*. He claims that Copfer "deliberately and recklessly gave false allegations placing [Carter] at the crime scene." *Id*. Carter alleges that Copfer's statements constitute perjury and that the error was not harmless. *Id*. at 5–6. Carter proffers that had he not been incarcerated on an unrelated charge he would have been arrested on the felonies charged in Copfer's arrest warrant "and my liberty taken away from me, because the courts would have trusted his word." *Id*. at 6. Carter concludes that this was "a complete violation of my Fourth Amendment right." *Id*. As relief, Carter seeks to have the charges completely expunged from his record and damages in the amount of $50,000. *Id*. at p. 4.

## II. STANDARD OF REVIEW

Defendant's motion seeks dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (*abrogated on other grounds*). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Board of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be

enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnotes omitted).

This standard does not require a defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 561. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

III. ANALYSIS

    A. Fourth Amendment claim

The Fourth Amendment protects citizens from unreasonable searches and seizures. *See Terry v. Ohio*, 392 U.S. 1, 8 (1968). To state a claim under 42 U.S.C. § 1983 for false arrest, Plaintiff must show that each arrest was made without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances with [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citation

omitted). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 241 (1983); *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *Id.* at 261. A warrantless arrest in a public place may be made when the arresting officers have probable cause to believe that the suspect has committed, is committing, or is about to commit a crime. *See Beck*, 379 U.S. at 91 (probable cause exists if "at that moment the facts and circumstance within [the officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."). In Carter's case, he was never arrested and, at the time the arrest warrant was issued, had already been deprived of his liberty. *See* ECF No. 1 at 5–6. Copfer's misidentification of Carter as the person he had probable cause to believe committed the crimes described is not a violation of Carter's Fourth Amendment rights under these circumstances. Carter's conclusory allegation that Copfer deliberately misidentified him as the suspect is unsupported by any objective basis in fact.

Even if Carter had been arrested for the instant offense, Copfer, and the other police officers involved, would be qualifiedly immune from suit. "In particular, . . . . qualified immunity protects law officers from 'bad guesses in gray areas' and it ensures that they may be held personally liable only 'for transgressing bright lines.'" *Gomez v. Atkins*, 296 F.3d 253, 261 (4th Cir. 2002) (quoting *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992)). The defense provides protection for public officials for mistakes of law, mistakes of fact, or a combination of the two. *See Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting). Qualified immunity is a defense from suit, not simply liability, which is lost if a matter is improperly permitted to go to trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Resolution of whether an official is entitled to qualified immunity must be determined "at the earliest possible

4

stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Here, the only claim against Copfer is that he mistakenly identified Carter as the perpetrator. To impose civil liability for such a mistake would deprive Copfer of the protections afforded law officers for "bad guesses in gray areas." *Maciariello*, 973 F.2d at 298. As a police officer, Copfer is entitled to that protection and is not required to defend such a mistake at trial. Carter's Fourth Amendment claim must be dismissed.

B.  State law claim

The extent to which Carter raises a tort claim against Copfer is not readily discernible from the complaint. This court therefore declines to accept supplemental jurisdiction over such a claim.

> A federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim. 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction.

*Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The parties dispute whether Carter has complied with the Local Government Tort Claims Act requirements, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-304(b) (notice required within 180 days of injury). ECF No. 10 at pp. 6 – 8; ECF No. 15 at 1 (asserting without documentation that plaintiff complied with notice requirement). This Court declines to decide if Carter has complied with state law and dismisses the claim without prejudice.

A separate Order follows.

| \_\_\_\_10/16/17\_\_\_\_ | _____/S/_____ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |